UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| WILLIAM CHARLES GRAHAM,<br><br>   Petitioner,<br><br>V.<br><br>WARDEN GILLEY,<br><br>   Respondent. | Civil Action No. 6: 22-21-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Charles Graham is an inmate confined at the federal penitentiary in Pine Knot, Kentucky. Graham has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Graham has not paid the five dollar filing fee or filed a motion to proceed *in forma pauperis*. The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In July 2019 Graham was indicted in Minneapolis, Minnesota on federal charges for armed bank robbery. Graham proceeded *pro se* during pretrial proceedings, including several interlocutory appeals. Following a bench trial in October 2020 Graham was found guilty on all charges. In June 2021 the trial court sentenced Graham to 294 months imprisonment. Graham filed a direct appeal, but the Eighth Circuit dismissed that appeal in November 2021 for failure to prosecute. Shortly before that dismissal, Graham filed a motion in the trial court seeking relief pursuant to 28 U.S.C. § 2255. As of this date, the § 2255 motion remains pending. *United States v. Graham*, No. 0: 19-CR-185-SRN-KMM-2 (D. Minn. 2019).

In addition to his abundant filings in his criminal proceedings, Graham was at the same time actively seeking relief in other proceedings. Graham filed three habeas corpus petitions

pursuant to 28 U.S.C. § 2241 in Minnesota challenging the criminal proceedings as well as his convictions and sentence. All were summarily denied as procedurally improper, without merit, or for failure to prosecute. *Graham v. U.S. Marshal*, No. 0: 20-CV-1204-WMW-LIB (D. Minn. 2020), *aff'd*, No. 20-2586 (8th Cir. 2020); *Graham v. U.S. Marshal*, No. 0: 21-CV-246-MJD-DTS (D. Minn. 2021); *Graham v. U.S. Marshal*, No. 0: 21-CV-1716-PAM (D. Minn. 2021).

Graham's filings continued unabated following his transfer to this district to begin service of his federal sentence. Graham filed his first § 2241 petition in this Court in November 2021. In that petition Graham contended that he was not properly transferred from Minnesota state authorities to federal custody during his prosecution; that he was not properly transferred to the federal prison in Kentucky; that he was improperly denied bail; and that his conviction violated the Double Jeopardy Clause of the Fifth Amendment. That petition was denied without prejudice on numerous procedural grounds, including his failure to file his petition on a court-approved form and his failure to either pay the filing fee or seek *pauper* status. *Graham v. Gomez*, No. 6: 21-CV-191-KKC (E.D. Ky. 2021). Three weeks later Graham filed a new petition raising the same grounds for relief, but it was dismissed for largely the same reasons as the first. *Graham v. Gomez*, No. 6: 21-CV-202-KKC (E.D. Ky. 2021), *appeal pending*, No. 22-5032 (6th Cir. 2022). Undeterred, Graham filed a third habeas corpus petition, which was again promptly denied because he did not file his petition on a court-approved form and did not pay the filing fee or seek *pauper* status. The Court also sent Graham all of the necessary forms. *Graham v. Landon*, No. 6: 22-CV-9-DCR (E.D. Ky. 2022).

In this case, Graham has used the Court's approved form for habeas corpus petitions. [R. 1] But with respect to the filing fee Graham has not paid the filing fee or filed a motion to proceed *in forma pauperis*. Instead – as he has done in prior cases – Graham has filed a document he styles

as a "Registered Bond for Offset." [R. 1-1]  The statements contained within it are reminiscent of those used by persons who adhere to a set of ideas associated with the "sovereign citizen" movement.  But those notions have no foundation in settled principles of American jurisprudence, and Graham's filing of this document does not relieve him of the responsibility for payment of the required filing fee.  The Court will therefore direct the Bureau of Prisons to deduct the required fee from Graham's inmate account and remit that sum to the Clerk of the Court.

The Court has reviewed the petition, and concludes that it lacks jurisdiction to entertain Graham's claims for at least two reasons.  First, Graham may not seek relief in a § 2241 petition to assert claims that he has or could have asserted in § 2255 proceedings which remain pending.  The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a).  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  A habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances where § 2255(a) provides a remedy that is structurally inadequate.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).  Here, Graham has asserted some of the very same claims he presents here in the § 2255 motion he filed in the district court in Minnesota, and that motion remains pending.  Because resolution of Graham's § 2255 motion may render his claims in this Court moot, he must complete the process of seeking relief via § 2255 before he may make even a colorable argument that his remedy under that section is "inadequate and ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

Second and independently of the first ground, none of Graham's claims may be pursued in a § 2241 petition.  Graham argues that: (1) under the Fifth Amendment the federal government

"[did] not have proven independence" to indict or charge him with crimes; (2) his transfer from Minnesota state authorities to federal custody violated the Extradition Clause of the United States Constitution; (3) his rights under the Fifth Amendment's Due Process Clause were violated when he was not permitted to view a copy of the indictment signed by the grand jurors; (4) his conviction violated the Double Jeopardy Clause of the Fifth Amendment; (5) Warden Gilley is detaining Graham against his will without a claim against him; and (6) his right to a trial by jury guaranteed by the Seventh Amendment and to confront witnesses against him under the Sixth Amendment were violated. [R. 1 at 5-7]

Graham's claims do not meet the requirements to challenge his conviction in a § 2241 petition filed pursuant to 28 U.S.C. § 2255(e). Section 2241 authorizes federal courts to grant habeas relief to a prisoner whose custody violates federal law. But the availability of relief under Section 2255 considerably narrows the range of claims that may be asserted under Section 2441. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Thus, "Section 2241 typically facilitates only challenges to the execution or manner in which the sentence is served – those things occurring within the prison." *Id*. (quotation marks omitted). In contrast, "Section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally must use Section 2255, not Section 2241, to challenge his conviction or the enhancement of his sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

There is a narrow exception, but Graham's claims do not fit within it. A defendant may properly invoke Section 2241 to challenge his sentence if he can demonstrate that after his conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to

enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Graham makes no such claim, instead asserting claims under various provisions of the United States Constitution to challenge his convictions. The Court will therefore dismiss the petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to the warden of the institution in which Graham is currently confined.

2. Graham's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Graham's inmate trust fund account if the amount in the account exceeds $10.00.

3. William Graham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

4. This action is **STRICKEN** from the Court's docket.

Entered: February 7, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY